```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

PACIFIC PREMIER BANK,

                Plaintiff,

vs.                              Case No.  2:12-cv-636-FtM-29DNF

SHAMROCK BANK OF FLORIDA and DOES 1-
25 inclusive,

                Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant Shamrock Bank of Florida's Partial Motion to Dismiss (Doc. #6) filed on December 12, 2012 seeking to dismiss Count II of the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff Pacific Premier Bank filed its opposition on January 3, 2013. (Doc. #8.)  With leave of Court (Doc. #14), defendant filed a reply on January 15, 2013.  (Doc. #15.)  For the reasons set forth below, the motion is denied.

    Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above

the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

The Complaint alleges that on or about January 23, 2008, prior to Pacific's succession, Palm Desert Bank entered into a Participation Agreement with Shamrock Bank of Florida (Shamrock Bank or defendant) in which Palm Desert Bank acquired a 41.667% participating interest in defendant Shamrock Bank's $2,400,000 loan (the loan) to Estero Group, LTD. The Participation Agreement provided that Shamrock Bank's interest in the loan was 58.333%. The Participation Agreement refers to Palm Desert Bank as the "Participant", Estero Group, LTD as "the Borrower" and Shamrock Bank as "the Lender" or "the LeadBank".

The pertinent provision of the Participation Agreement is Paragraph 7.2 which provides:

> Except as permitted in the Loan Documents, Lender will not, without the prior written consent of Participant, which consent will not be unreasonably withheld: (I) extend the maturity date of Borrower's obligations, (ii) change the schedule of payments pursuant to the Loan Documents in any manner, (iii) decrease the rate of interest with respect to the Loan, or (iv) release any Collateral except as provided by the Loan Documents.

On April 19, 2012, Palm Desert Bank's Senior Vice President, Cheryl Dawson-Voight (Dawson-Voight), contacted Shamrock Bank's Senior Vice President, Robert W. Carney (Carney), via e-mail regarding the April 22, 2012, maturity date on the Loan. Attached to Dawson-Voight's e-mail was a letter to Carney indicating that Palm Desert Bank was prepared to consider Shamrock Bank's request

to renew the loan, but outlined several concerns as reasons for Palm Desert Bank's withholding of consent. The letter stated that an updated appraisal would have to be completed before approval would be given. No updated appraisal was obtained, and Palm Desert Bank did not provide written consent to renew the loan prior to the maturity date.

On April 27, 2012, Palm Desert Bank was placed in receivership with the Federal Deposit Insurance Corporation (FDIC). On the same day, the FDIC and Pacific Bank entered into a Purchase and Assumption Agreement whereby substantially all of Palm Desert Bank's assets were sold to Pacific Premier Bank, including the participation interest in the loan. On or about April 30, 2012, Estero Group LTD and Shamrock Bank executed a Renewal Promissory Note and Mortgage Modification Agreement which extended the note's maturity date and reduced the rate of interest on the loan. Pacific Bank never provided prior written approval of the loan modification.

On May 3, 2012, Shamrock Bank's Assistant Vice President Joanne Gamache e-mailed a Palm Desert Bank employee, Brian McGuire, requesting that Palm Desert Bank sign a letter dated April 22, 2012, consenting to the renewal of the loan. It is unclear from the allegations of the Complaint whether or not Palm Desert Bank signed the letter.

Plaintiff Pacific Premier Bank initiated this action against Shamrock Bank and "Does 1-25 inclusive" asserting breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II). Defendant Shamrock Bank seeks to dismiss Count II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as duplicative. Plaintiff opposes the motion.

Because the Court's jurisdiction is premised upon diversity of citizenship, Counts I and II are governed by Florida substantive law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.") Defendant seeks to dismiss only Count II, asserting that a breach of the covenant of good faith and fair dealing is not an independent cause of action, and the alleged breached provision of the contract does not provide defendant with any discretion.

It is settled law that all contracts contain not only their express terms, but also terms and matters that are implied by law, and both are equally binding. First Nationwide Bank v. Fla. Software Servs., Inc., 770 F. Supp. 1537, 1542 (M.D. Fla. 1991). One of these implied terms recognized under Florida law is the covenant of good faith and fair dealing. Id. To sufficiently allege a breach of the implied covenant of good faith and fair dealing, a party mush show:

> a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad

>    judgment, or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

Shibata v. Lim, 133 F. Supp. 2d 1311 (M.D. Fla. 2000). "A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attached to the performance of a specific contractual obligation." Cox v. CSK Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999). Thus, such a claim cannot be maintained "in the absence of a breach of an express term of a contract." Id. at 1152. Further, "where the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party." Id. at 1097-1098.

Defendant's assertion that "[p]laintiff does not assert the implied covenant as part of its breach of contract claim" (Doc. #15, p. 2) is without merit. It is true that the duty of good faith "must be anchored to the performance of an express contractual obligation." Flagship Resort Dev. Corp. v. Interval Int'l, Inc., 28 So. 3d 915, 924 (Fla. 3d DCA 2010). "There can be no cause of action for a breach of the implied covenant absent an allegation that an express term of the contract has been breached." Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787, 792 (Fla. 2d DCA 2005)(internal quotations omitted). But

defendant's argument ignores the allegations in Count I, as well as the body of the Complaint, which allege that defendant breached Paragraph 7.2 of the Participation Agreement by extending the loan maturity date and reducing the rate of interest on the loan without prior written consent.  The motion to dismiss on this basis is denied.

The Court is also not persuaded that the breached provision does not involve the exercise of discretion by defendant.  With the implied covenant, one party cannot capriciously exercise discretion accorded it under a contract so as to thwart the contracting parties' reasonable expectations.  See Sepe v. City of Safety Harbor, 761 So. 2d 1182, 1185 (Fla. 2d DCA 2000)(holding that, even where one party has "sole discretion" under a contract, that party, in exercising its discretion, must act in good-faith and in accordance with the contracting parties' expectations); Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097-98 (Fla. 1st DCA 1999)(stating "where the terms of the contract afford a party substantial discretion . . . the duty to act in good faith . . . limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party").  The terms of paragraph 7.2 suggest that Shamrock Bank had at least some discretion with respect to the four enumerated potential modifications to the loan.  By the terms of paragraph 7.2, it was up to Shamrock Bank to determine whether or not it wanted to make

any of the four enumerated changes to the loan. Should it decide that such a change was warranted, Shamrock Bank then had to secure the approval of plaintiff prior to implementation. The motion to dismiss on this basis is denied.

Accordingly, it is now

**ORDERED**:

Defendant Shamrock Bank of Florida's Partial Motion to Dismiss (Doc. #6) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of May, 2013.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record